GERKEN v. SONNABEND et al.

(Supreme Court, Special Term, New York County.   March, 1911.)

1. MORTGAGES (§ 414*)—FAILURE TO RECORD—RIGHT TO ENFORCE.

Although, under Real Property Law (Consol. Laws 1909, c. 50) § 320, one who records a deed without recording a defeasance agreement making the deed a mortgage, receives no benefit from the recording, the failure to record the defeasance agreement, and pay the mortgage recording tax, does not bring the grantee within the provision of Tax Law (Consol. Laws 1909, c. 60) § 258, forbidding the enforcement of any mortgage on which the tax has not been paid as Tax Law, § 250, defining a mortgage on real property as being every mortgage by which a lien is imposed on or which affects the title to real property, executory contracts for sale of real property and contracts increasing indebtedness secured by mortgage, does not include this kind of a mortgage, and, the law being a tax law, it must be strictly construed.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 414.*

For other definitions, see Words and Phrases, vol. 5, pp. 4596–4606; vol. 8, p. 7725.]

2. MORTGAGES (§ 568*)—FORECLOSURE—SURPLUS MONEYS PROCEEDINGS.

Where, after foreclosure of a mortgage given by a bankrupt, surplus moneys proceedings are begun, and the matter referred to a referee, the expenses of the reference must be first paid from the fund, and after

that the claims established against it, and the balance paid to the trustee in bankruptcy of the mortgagor.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 568.*]

Foreclosure proceedings by Berent C. Gerken against Emanuel Sonnabend and others, in which surplus moneys proceedings were instituted, and a motion made for the confirmation of a report of the referee. Report modified, and confirmed.

Sternberg, Jacobson & Pollock, for claimant Bertha Sonnabend, and the motion.

Edward R. Koch, for claimant Henry H. Dreyer, and the motion.

Mason Trowbridge (Henry Fluegelman, of counsel), for claimant Raymond Guernsey, opposed.

GIEGERICH, J.  [1] It is true that under the provisions of the real property law (Consol. Laws 1909, c. 50), relating to the recording of instruments, the deed to the claimant Dreyer is to be regarded only as a mortgage, and that by recording it as a deed and without at the same time recording the defeasance agreement he accomplished nothing. Real Property Law, § 320. This, however, is not a sufficient reason for holding that, by failing to record both papers as a mortgage and to pay the mortgage recording tax, the grantee brought himself within the provisions of section 258 of the tax law (Consol. Laws 1909, c. 60), forbidding the enforcement of any mortgage upon which the tax has not been paid. The definitions included in section 250 of the tax law do not cover such a case, and as the law is one relating solely to taxation its provisions must be strictly construed.

[2] The referee's report is therefore confirmed, except in respect to the disposition of the expenses of the reference. Such expenses should first be paid from the fund, after which the claims of Henry H. Dreyer and Bertha Sonnabend, respectively, should be paid, and the balance of the moneys should then be turned over to the trustee in bankruptcy.

Motion disposed of as indicated. Settle order on notice.